IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY,<br><br>      Plaintiff,<br><br>v.<br><br>LT. HICKS, LT. SULLIVAN, LT. BEALS, and SGT. RITTER,<br><br>      Defendants. | Case No. 23-cv-2445-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Micheal N.B. Attaway, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Attaway alleges correctional officers verbally threatened him. Attaway seeks monetary damages and injunctive relief.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

---

[1] Attaway's Complaint sought an Order for IDOC to transfer either the defendants or Attaway to a different prison (Doc. 1, p. 8). Attaway later filed an amended request for relief (Doc. 15) seeking monetary damages, as well as an order of protection against the defendants. Ordinarily, the Court does not permit litigants to amend a pleading in such a piecemeal fashion but in consideration of Attaway's *pro se* status, the Court will accept the amended request for relief. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (court construes *pro se* complaints liberally).

granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Attaway makes the following allegations in his Complaint: Attaway alleges that every time "the defendants" walk by him, they threaten him and curse at him (Doc. 1, p. 7). Attaway alleges the defendants threaten to take him to segregation for "no reason at all" and threaten to spray him with pepper spray (*Id.*). They call him names, look at him like he is crazy, are rude, and "give [him] the evil eye" (*Id.*). The defendants have also threated to kill him "at least a dozen times" (*Id.*). Attaway alleges that he is nervous around the defendants, and he is concerned for his safety.

## Discussion

Simply put, Attaway's allegations fail to state a claim. His Complaint fails to indicate a specific constitutional protection implicated by his allegations. In his motion for preliminary injunction (Doc. 13), Attaway alleges his equal protection and due process rights under the Fourteenth Amendment were violated, but his allegations do not implicate those protections. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (verbal harassment does deprive an inmate of a liberty interest or violate his equal protection rights) (collecting cases).

Further, ordinary verbal harassment does not usually implicate the Eighth Amendment. *DeWalt*, 224 F.3d at 612. Nor does "racially derogatory language" violate the Eighth Amendment. *Id.* ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.") (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987)); *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) ("the Constitution does not compel guards to address prisoners in a civil tone using polite language"). Thus, the

general allegations of cursing, name calling, threats to place Attaway in segregation, evil eye, and crazy looks do not state a claim.

Attaway does allege that the defendant officers have "threaten[ed] to kill [him] at least a dozen times." (Doc. 1, p. 7). Such threats can rise to a constitutional violation depending on the circumstances. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009) ("a threat…can rise to the level of cruel and unusual punishment"). The pertinent inquiry is whether a "reasonable" victim would fear for his life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.*

But Attaway's allegations related to the threats to kill him are vague. He fails to allege which defendants made threats, the nature of those threats, or when and where those threats took place. Nor has he alleged the circumstances surrounding the threats or whether there was any physical conduct accompanying the threats. A viable Complaint must contain "the who, what, when, where, and how…." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Without such pertinent information, the Court is unable to determine whether the threats to Attaway amount to an actionable Eighth Amendment claim. *Dobbey*, 574 F.3d at 446 (hanging a noose and giving "evil eyes" does not amount to cruel and unusual punishment). *But see Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (guard pointed a gun at prisoner, cocked it, and threatened to shoot him); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (verbal harassment accompanied by actions of the officer could rise to the level of cruel and unusual punishment). The mere conclusory statement that the officers "have also gone so far as to threaten to kill me at least a dozen times" is insufficient to state a claim.

For the reasons stated, Attaway's Complaint is **DISMISSED without prejudice** for failure to state a claim. Attaway will be granted leave to amend his Complaint. He is

reminded that his Amended Complaint should indicate the nature of the threats he received, when the threats occurred, and each defendant's alleged involvement in the threats.

## Pending Motions

Attaway recently filed a number of motions related to a request for protective order against the defendants (Docs. 12, 13, and 14). In his motion for preliminary injunction and temporary restraining order (Doc. 13), Attaway seeks an order preventing the defendants from being within 500 feet of Attaway, having any physician contact with him, or handling his mail (*Id*. at p. 3). He alleges that every interaction he has with the defendants is a negative interaction despite Attaway being "nothing but nice, kind, and respectful" (*Id*. at p. 2). He alleges the defendants are disrespectful, curse at him, and threaten to kill him (*Id*. at p. 5). Attaway's motion for Court Order (Doc. 14) seeks an order of protection against the defendants, directing defendants to distance themselves from Attaway.

Attaway's motion to inform the Court (Doc. 12), appears to be a supplement to his motion for preliminary injunction. In that motion, Attaway states that he recently submitted affidavits to each of the defendants requesting that they stop threatening him and pay him $2,000 (*Id*. at p. 1). He informed each defendant that he would withdraw his lawsuit if they complied with his demands. In response, Attaway alleges that Lieutenant Beals informed him in person that he declined the offer and considered it an attempt to extort him (*Id*.). Attaway contends that Lt. Beals then threatened to place Attaway in segregation unless he dropped his lawsuit (*Id*.). Attaway responded with his own threat, informing Lt. Beals if "that's how you want to play it you won't like what comes next." (*Id*. at p. 2). Attaway told Lt. Beals "that's not a threat it's a promise" (*Id*.).

4

None of Attaway's recent motions, however, provide factual allegations which would elevate his claim of threats to a viable Eighth Amendment violation. His motion to inform (Doc. 12) alleges that Lt. Beals informed him that he would not settle with him and that he viewed Attaway's letter as an attempt to extort him (Doc. 12, p. 1). Although Lt. Beals allegedly threatened Attaway with segregation and threatened to "make [his] life a living hell" and/or bring "bogus charges" against Attaway, there were no physical actions accompanying the threat or any indication of imminent violence to Attaway. Further, Attaway acknowledged that he threatened Lt. Beals and that his actions could amount to bribery and extortion, possibly subjecting Attaway to a disciplinary ticket (Doc. 12, p. 2). These simple threats, without something more, do not state a viable claim, nor do they entitle Attaway to injunctive relief. His requests for injunctive relief (Docs. 12, 13, and 14) are **DENIED**.

## Disposition

For the reasons stated above, Attaway's Complaint (Doc. 1) is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **October 16, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Attaway's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

5

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Attaway must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Attaway is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 18, 2023

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**