IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL N.B. ATTAWAY,** | |
| Plaintiff, | |
| v. | Case No. 23-cv-2445-NJR |
| **LIEUTENANT HICKS, LIEUTENANT BEALS, LIEUTENANT SULLIVAN,** and **SERGEANT RITTER,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Micheal N.B. Attaway, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Attaway's original Complaint (Doc. 1) was dismissed for failure to state a claim, but he was given leave to file an amended pleading (Doc. 16). In the Amended Complaint (Doc. 17), Attaway again alleges correctional officers ridiculed and threatened him.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

In his Amended Complaint, Attaway makes the following allegations: On May 27, 2023, Attaway alleges that he was attacked and raped (Doc. 17, p. 9). Since that attack, Defendants Hicks, Beals, Sullivan, and Ritter criticize, ridicule, and curse at Attaway. Attaway theorizes that Defendants "go out of their way" to criticize him because they believe he is lying about being attacked and raped in May 2023 (*Id.*). He believes that Defendants want him to recant his statements regarding the attack and "tell the truth" (*Id.*). He also alleges that Defendants have "threaten[ed] to kill [him]"—although he fails to provide any specifics as to when these threats took place or the nature of the threats. Any time that Attaway initiates an emergency code related to his injuries, Defendants' treatment towards Attaway "flares up" and they criticize him. He believes that their treatment is a violation of the Prison Rape Elimination Act ("PREA") protocol. As part of his request for relief, Attaway seeks to be treated with respect and "be taken seriously" (*Id.* at p. 10).

## Discussion

Simply put, Attaway again fails to state a claim for the threats and ridicule he is allegedly experiencing. His Amended Complaint again fails to indicate a specific constitutional protection implicated by his allegations. Although Attaway alleges that the officers' actions violate protocols established by the PREA, there is no private right of action under the PREA. *See Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507, at *4 (S.D. Ill. Feb. 17, 2017) (collecting cases). *See also Krieg v. Steele*, 599 F. App'x 231, 232 (5th

Cir. 2015) ("other courts addressing this issue have found that the PREA does not establish a private cause of action").

Further, Attaway fails to state a constitutional violation. As the Court previously stated when dismissing Attaway's original Complaint, neither verbal harassment nor racial or derogatory language implicate the Eighth Amendment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Threats can rise to a constitutional violation depending on the circumstances, but again, Attaway fails to provide any additional allegations regarding his claim that officers threatened to kill him. The pertinent injury with such a claim is whether a "reasonable" victim would fear for his life as a result of the threat. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). But, once again, Attaway's allegations related to the threats are vague and conclusory; he fails to indicate when the threats occurred, who made the threats, or the nature of the threats. His allegations that Defendants have threatened to kill him, without something more, is not enough to state a viable claim.

For the reasons stated, Attaway's Amended Complaint is **DISMISSED**. Because this is Attaway's second attempt at stating a viable claim and he has been unable to do so, the Court finds that further amendment would be futile. Thus, the dismissal of Attaway's Amended Complaint is **with prejudice**.

## Pending Motions

Attaway recently filed a motion to consolidate, seeking to consolidate this case with his pending case *Attaway v. Hallcon's Safety Director, et al.*, Case No. 23-cv-2613-SPM. This is the second time that Attaway has sought to consolidate this case with another of

his pending cases. He previously sought to consolidate this case with *Attaway v. Illinois Dept. of Corrections, et al.*, Case No. 23-cv-02091-DWD but his request was denied because his other case was unrelated to the claims in this case (Doc. 11). Attaway now tries to tie his claims in this case to those pending in Case No. 23-cv-2613-SPM by arguing that Defendants' verbal harassment was in response to a previous claim of assault and rape. Although Case No. 23-cv-2613 raises claims related to the assault and rape mentioned in this case, the allegations in the two cases are unrelated. This case focuses on threats made by officers sometime after the assault. Attaway's other case focuses on the attack itself and medical care he sought after the attack. Nor are any of the defendants in this case defendants in his other pending case.[1] These claims cannot proceed together in the same lawsuit. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). Attaway's request to consolidate (Doc. 18) is **DENIED**.

## Disposition

For the reasons stated above, Attaway's Amended Complaint (Doc. 17) is **DISMISSED with prejudice**. The dismissal shall count as one of Attaway's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

---

[1] The Court notes that Attaway's original Complaint in *Attaway v. Hallcon's Safety Director, et al.*, Case No. 23-cv-2613-SPM included an allegation that Lieutenant Beals injured Attaway when he attempted to pick Attaway up off the floor after his back "gave out" in March or April 2023. This appears to be the same Lt. Beals in this case. But the incident in that case took place prior to the May 2023 assault and is unrelated to the claims in this case which took place after the assault. Further, Attaway's Amended Complaint in Case No. 23-cv-2613-SPM appears to have abandoned the allegations regarding Lt. Beals. Thus, the two cases do not contain related claims.

If Attaway wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Attaway does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 4, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**