IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL N.B. ATTAWAY,** | |
| Plaintiff, | |
| v. | Case No. 23-cv-2445-NJR |
| **LT. HICKS, LT. SULLIVAN, LT. BEALS,** and **SERGEANT RITTER,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Micheal N.B. Attaway, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections, filed his Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Attaway's original Complaint (Doc. 1), alleging that correctional officers verbally threatened him, was dismissed without prejudice for failure to state a claim (Doc. 16). He was granted leave to file an amended pleading. Attaway's Amended Complaint (Doc. 17) again alleged that four correctional officers criticized, cursed, and threatened him. The Amended Complaint was again dismissed because Attaway provided only vague, conclusory allegations and failed to provide any specifics as to when the threats took place or the nature of the threats (Doc. 19). Because Attaway was unable to state a viable claim after two attempts, the Court found any further attempt futile, and his Amended Complaint was dismissed with prejudice (*Id.* at p. 3). Judgment was entered on October 4, 2023 (Doc. 20).

1

On March 31, 2025, Attaway filed a motion to vacate the Court's order dismissing the case (Doc. 21) and a motion to change venue (Doc. 22). On May 28, 2025, he filed a nearly identical motion to vacate (Doc. 23) and reopen case (Doc. 24), as well as another motion to change venue (Doc. 25). Attaway argues that when he filed his prior pleadings, he was still incarcerated and lacked the resources and information to adequately state a viable claim (Doc. 21, p. 2). He claims that he did not have access to the relevant evidence and documents needed to draft a proper pleading, including prison records and legal documents (*Id.* at p. 3). He alleges that he was not able to obtain the necessary information until after his release (*Id.*).

In requesting to vacate the judgment in this case, Attaway invokes Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A party can also be relieved from a final judgment when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. FED. R. CIV. P. 60(b)(2). Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

Attaway fails to offer exceptional circumstances for reconsidering the judgment in this case. His case was dismissed because he failed to state a viable claim after two attempts to present his claims against officials who allegedly threatened him. Although he alleges that after his release he was able to obtain critical evidence and facts not previously accessible to him (Doc. 21, p. 2), he fails to identify the source or nature of that

2

evidence. He indicates he has additional documents to support his claims, but his proposed amended pleading fails to cite or attach those documents. Further, his proposed pleading merely states in conclusory fashion that the guards subjected him to ridicule, threats of death, physical intimidation, and direct interference with his medical needs without providing any factual allegations suggesting the nature of those threats (Doc. 21-1, p. 3). Nor does Attaway indicate when he was subjected to these threats.

Finally, the Court finds Attaway's motion to be untimely. "A motion under Rule 60(b) must be made within a reasonable time" and in the case of newly discovered evidence "no more than a year after the entry of judgment." FED. R. CIV. P. 60(c)(1). Judgement in this case was entered on October 4, 2023 (Doc. 20), and Attaway did not file his first motion to vacate until March 31, 2025 (Doc. 21). Thus, his motion was filed well over a year after the judgment in this case and is untimely.

Accordingly, Attaway's motions to vacate and reopen his case (Docs. 21, 23, 24) are **DENIED**. His motions for change of venue (Docs. 22, 25) are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  June 18, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**